ÁLVARO MALDONADO SANTAELLA, Petitioner, *v.* DISTRICT COURT OF PONCE, HON. ÁNGEL M. UMPIERRE, JUDGE IN COMMISSION, Respondent; THE PEOPLE OF PUERTO RICO, Intervener.

No. 1826. Argued May 9, 1950.—Decided June 13, 1950.

*Benjamín Ortiz, Leopoldo Tormes García, Ariel Colón Clavell,* and *Rafael Hernández Matos,* for petitioner. *Vicente Géi-*

504

*gel Polanco, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for intervener, plaintiff in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

On July 19, 1948 an information was filed in the District Court of Ponce charging Álvaro Maldonado Santaella with having appropriated to his own use $9,207.95, which he had received between 1941 and 1944 as assistant secretary and acting secretary of the District Court of Ponce, in violation of § 372 of the Penal Code, 1937 ed. The case was tried in November, 1948 and again in February, 1949. On both occasions the jury was discharged because it was unable to agree on a unanimous verdict.

On April 28, 1949 the People filed a motion praying for removal of the case to the District Court of San Juan, pursuant to § 171 of the Code of Criminal Procedure, 1935 ed.[1] The People alleged in its motion that a fair and impartial trial could not be had in Ponce. Its principal contention was that it was impossible to obtain in the District Court of Ponce an impartial jury free of prejudice against the government because of the social, political and economic relations of the defendant and his father in Ponce and because the defendant had been assistant secretary and acting secretary of the District Court of Ponce. The motion also recited that the same conditions existed in Guayama, the

---

[1] Section 171 reads as follows:

"A criminal case may be removed by a district court, in which it is pending, on the application of the prosecuting attorney or of the defendant:

"First. On the ground that a fair and impartial trial can not be had in the district where said case is pending, or when by reason of public disorder existing in said district a fair and impartial trial as between the accused and the Government can not be safely and speedily had, or whenever the life of the accused or of any of the witnesses would be jeopardized by a trial in that district.

"Second. On the ground that no jury can be obtained for the trial of the case in such district.

"For the same reasons a criminal case may be transferred by a municipal court."

nearest and most accessible district. In support of its motion, the People presented sixty-three affidavits of citizens of Ponce and Guayama.

As none of the three regular district judges of Ponce was available, Judge at Large Umpierre was designated to pass on this motion. After a hearing, at which many of the 63 persons who executed affidavits for the government were cross-examined by the defendant, Judge Umpierre granted the motion. He overruled a motion for reconsideration, and at the behest of the defendant we issued certiorari to review the order removing the case to the District Court of San Juan.

The petitioner assigns three errors: (1) the district court erred in holding that the motion for removal stated facts sufficient to warrant removal to the District Court of San Juan; (2) the lower court abused its discretion in ordering removal without any specific factual showing that it was impossible to obtain a fair and impartial trial or to constitute a jury; (3) the district court abused its discretion in ordering removal to San Juan and not to the district closest to Ponce.

■ We think it unnecessary to discuss the first assignment. Even if the motion for removal were not sufficiently detailed, that defect could be cured by the affidavits attached thereto and by the testimony adduced at the hearing. Consequently, the only substantial question is raised by the second error.

■ Our conclusion as to the second error depends on whether the People made a sufficient showing that a fair and impartial trial could not be had in Ponce. On this issue, the only specific findings of the district court were as follows: (1) the father of the defendant, who has been in the school system for 40 years, "has cultivated in the district of Ponce now, and formerly in Guayama, the best relations of friendship with the citizens of these districts . . . "; (2) "while he worked in the secretary's office of the District Court of

Ponce, the defendant cultivated good relations of friendship with persons of all social classes in the district of Ponce and especially with the gentlemen who compose the panel of jurors, some of whom are still rendering services"; (3) "the defendant has recently frequented the districts of Ponce and Guayama as a representative of India beer and has continued cultivating good relations of friendship in the towns of which these districts are composed." The lower court concluded that "to try this defendant in these districts would be to go against a sentiment of friendship and sympathy that would require on the part of the representatives of the People a supreme force to conquer." Accordingly, the lower court granted the motion for removal to San Juan.

Ordinarily a case must be tried in the district where the crime was allegedly committed. Section 8, Code of Criminal Procedure; *The People* v. *Paz*, 12 P.R.R. 98; *The People* v. *Ruiz, alias Mora*, 19 P.R.R. 90; *People* v. *Morales*, 45 P.R.R. 185. We have therefore held that "the change of venue in a criminal prosecution must be deemed a wrong to the public unless the necessities of justice require it." *People* v. *Collazo*, 33 P.R.R. 48, 51. The presumption is that no prejudice exists against either party at the place of the crime and the party seeking removal has the burden of satisfying the trial court that removal is required. Section 173, Code of Criminal Procedure; *Howard* v. *Commonwealth*, 20 S.W. (2) 721 (Ky., 1929); see *Fajardo* v. *Soto Nussa*, 23 P.R. R. 71. This burden is not met merely by submitting opinions of persons as to a state of local prejudice. These are "regarded as a mere conclusion unless followed up by some specification . . . " *People* v. *Collazo, supra*, p. 51. In short, the evidence of alleged local prejudice must consist of facts as distinguished from mere belief, opinions or conclusions. *People* v. *López*, 49 P.R.R. 319; *People* v. *Vázquez*, 48 P.R.R. 413; 7 Cal.Jur. p. 919, § 65. Moreover, "if, as a result of the trial, a jury is obtained without difficulty and no showing is made that the [moving party] exhausted his

peremptory challenges, this is a fact to be considered by the appellate court. . . . ". *People* v. *Collazo, supra,* p. 51; *People* v. *Escobar,* 55 P.R.R. 491, 496.

 In view of the foregoing considerations, we are constrained to hold that the lower court abused its discretion in deciding that removal of the case from the District Court of Ponce was required. The various affiants stated that it would be "impossible", "difficult", or "not easy" for the government to obtain a verdict of guilty because of the relationships of the defendant and his father and because of the defendant's previous position in the court. But these were generalities and mere opinions which cannot be accepted as conclusive in the absence of specific facts on which the opinion was based. To hold otherwise would be to surrender the prerogatives and discretion of the courts on the issue of removal to the affiants.

 We cannot subscribe to the proposition that the alleged good reputation of the defendant and his father and the esteem in which they are held in the community constitute sufficient facts on which to base an opinion that a fair and impartial trial cannot be had in Ponce. We are unable to believe that the Legislature meant to provide that only persons with bad reputations are to be tried in the district where the crime was allegedly committed. We would be so holding by indirection if we approved removal on the sole ground that a defendant and his family enjoyed excellent reputations and friendships in the district where the facts occurred.

 There was no specific evidence of the friendship or relations of the defendant with the 300 jurors who were serving in Ponce at the time of the motion. A vague generalization that various jurors knew him and were friendly to him when he was acting secretary of the court more than four years ago is not a sufficient showing that a jury which would give the People a fair and impartial trial could not possibly be obtained at this time in Ponce.

We recognize that the connections and influence of a defendant in a particular district may be so widespread and pervasive that it would be literally impossible for the People to obtain a jury which would give the government a fair and impartial trial free of such influence. *Cf. People* v. *Báez*, 44 P.R.R. 52; *People* v. *Yoakum*, 53 Cal. 566 (1879). But no such specific and detailed showing was made in this case. On the contrary, we have merely unsupported opinions of a handful of citizens. Furthermore, these opinions were considerably weakened by the admissions on cross-examination that they were merely the personal views of the affiants which they had not discussed with others and in some cases did not represent their views as to the attitude of the community in general towards the defendant. Finally, these opinions were in many instances made meaningless by the statements of the affiants on cross-examination that if they themselves were called as jurors they would render a verdict based on the evidence.

██ Nor can we hold that removal was warranted because many of the affiants asserted that if called to serve as jurors they would endeavor to be excused because of their friendship for the father of the accused. That is far from a showing that it was impossible to obtain in the district of Ponce other jurors who were not so connected with the defendant. Indeed, many of these same affiants, as already noted, testified on cross-examination that if they participated in the case, they would act solely in accordance with the proof presented to them. See § 227, par. 7, Code of Criminal. Procedure.

██ At the first trial a jury was selected without any difficulty at the morning session of the first day. The district attorney challenged for cause only three jurors and the court did not find it necessary to call jurors from the extraordinary panel. The jury was selected with the same facility at the second trial. As noted above, we held in the *Collazo* case that this is an important consideration in deter-

mining whether removal should be ordered. If there were no unusual difficulties in obtaining two juries, we are unable to see why difficulty should be anticipated in selecting a third jury.

There is another point in connection with the previous jury trials. The fact that two juries have failed to agree is not a sufficient ground for removal. These disagreements do not necessarily indicate that it is impossible to obtain a verdict—either of conviction or of acquittal—in another trial at Ponce. The disagreements, standing alone, simply mean that two separate groups of twelve men have been unable to agree unanimously on the facts. That in itself is not enough to demonstrate that another jury at Ponce will not convict—or acquit—the defendant at a third trial. For all the record shows, that difficulty may be in the facts, and not in other considerations such as alleged prejudice. See *Rivera* v. *District Court of Mayagüez*, 32 P.R.R. 367. The alleged prejudice on which the People based its motion existed prior to the first trial. Yet it made no request for removal at that time. Nor, as we have seen, was there any difficulty in selecting juries for the two previous trials. The real reason behind the motion for removal apparently is that the two trials have produced disagreements. But, as already noted, a disagreement by the jury is not in itself a ground for removal.

The motion of the People for removal also alleges that many people attended the two trials and that the case has attained such notoriety that it is impossible to obtain a fair and impartial jury in Ponce. Here again we have a vague generality without a specific and detailed showing to support the conclusion. Notoriety of a case is not in itself a sufficient cause for removal; the only question to determine is whether, despite the notoriety of the case, jurors can be found who will render a fair and impartial verdict. *Stephens* v. *People*, 111 P.2d 1057 (Colo., 1941); *People* v. *Collazo, supra; People* v. *Ford*, 143 Pac. 1075 (Cal, 1914);

*People* v. *Kromphold*, 172 Cal. 512 (1916) ; *People* v. *Lesse*, 199 Pac. 46 (Cal., 1921). Our Legislature has recognized this principle in providing in § 227, par. 7 of the Code of Criminal Procedure that "No person shall be disqualified as a juror by reason of having formed or expressed an opinion upon the matter or cause to be submitted to such jury, founded upon public rumor, statement in public journals, or common notoriety: *Provided*, It appear to the court, upon his declaration under oath or otherwise, that he can and will, notwithstanding such an opinion, act impartially and fairly upon the matters to be submitted to him. The challenge may be oral, but must be entered in the minutes of the court."

A motion for removal is addressed to the discretion of the trial court. Ordinarily we would not disturb the decision of the lower court on such a motion. *People* v. *Escobar*, *supra; People* v. *Collazo*, *supra; People* v. *Báez*, *supra*. But under § 173 of the Code of Criminal Procedure removal may be ordered only on the basis of evidence which "satisfies" the trial court that removal is required. The discretion vested in the lower court is therefore not unfettered. *People* v. *Yoakum*, *supra*. In this case since the record contains no evidence of a specific and detailed nature on which the lower court could have reasonably based its order, the district court abused its discretion in granting the motion for removal.

Although the motion for removal does not so specifically state, the implication of the motion is that the government apparently believes it is impossible to obtain from juries in Puerto Rico fair and impartial verdicts in cases involving men who have excellent reputations if they are tried in the districts where they reside on a charge of misappropriation of public money. But the Legislature has provided for trial by jury in such cases. And it has not authorized removal based solely on the defendant's reputation where the crime was allegedly committed. While these provisions of law remain unchanged, the courts lack the

power to order removal in such cases. In the absence of specific and affirmative evidence to the contrary, we must assume that despite these circumstances a jury will do its duty and base its verdict solely on the testimony adduced at the trial.

The result we have reached makes it unnecessary to determine if the lower court committed the third error in ordering removal to San Juan rather than to Guayama.

The order of the District Court of Ponce removing the case to the District Court of San Juan will be vacated and the case remanded for further proceedings not inconsistent with this opinion.